787 F.2d 588
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
McKINLEY BROWN, Plaintiff-Appellant
v.
HERMAN C. DAVIS, WARDEN, Defendant-Appellee.
 84-5496
 United States Court of Appeals, Sixth Circuit.
 3/5/86
 AFFIRMED
 
 1
 W.D.Tenn.
 
 ORDER
 
 2
 BEFORE: MILBURN and RYAN, Circuit Judges; and WILHOIT, District Judge.*
 
 
 3
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 In this action brought under 42 U.S.C. Sec. 1983, plaintiff seeks redress for an alleged deprivation of his eighth amendment right to be free from cruel and unusual punishment. This is said to have occurred in the course of an inmate work stoppage at the Fort Pillow State Farm, Henning, Tennessee, in July of 1983. Defendant's motion for summary judgment was ultimately granted and plaintiff has appealed. On appeal both sides have submitted briefs, plaintiff proceeding without benefit of counsel.
 
 
 5
 Upon consideration, we agree with the disposition of the case by the district court. Plaintiff's claim that he is entitled to release from confinement cannot be maintained under 42 U.S.C. Sec. 1983. Preiser v. Rodriguez, 411 U.S. 475 (1973). As plaintiff has wholly failed to show exhaustion of state remedies in this regard, this claim is without merit even if the complaint is construed as a request for federal habeas relief under 28 U.S.C. Sec. 2254. Plaintiff's request for damages must likewise fail. The uncontroverted evidentiary material in the record before us reveals that on the dates in question Warden Davis was confronted with a genuine prison emergency, a prison-wide inmate work stoppage, to which he responded with actions designed to defuse the situation with a minimum disruption of inmates' constitutional rights. This being the case, this Court agrees that no eighth amendment violation has been shown in this casue. See Bell v. Wolfish, 441 U.S. 520, 547 (1979). For these reasons, and for the reasons set forth in the judgment on review, we affirm.
 
 
 6
 It appearing therefore that the question on which decision of the cause depends is so unsubstantial as not to need further argument, Rule 9(d)(3), Rules of the Sixth Circuit, it is ORDERED that the final order of the district court be and it is hereby affirmed.
 
 
 
 *
 The Honorable Henry R. Wilhoit, Jr., United States District Judge for the Eastern District of Kentucky, sitting by designation